UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD KIMBRO, | ) | 1:08-cv-01509 AWI YNP (DLB) (HC) |
| Petitioner, | ) ) | ORDER DIRECTING RESPONDENT FILE AN AMENDED MOTION TO DISMISS |
| v. | ) ) | |
| WARDEN AT HIGH DESERT SATE PRISON, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 8, 2009, Respondent filed a motion to dismiss Petitioner's petition claiming it was untimely. (Doc. #10). The statute of limitations issue turns on when exactly Petitioner's petition to the California Supreme Court was filed pursuant to the prison mailbox rule.

Respondent argues that Petitioner should not receive the benefit of the prison mailbox rule for his superior court petition nor for his state supreme court petition. In his argument that Petitioner should not receive the benefit of the rule for his superior court petition, Respondent cited to Petitioner's incoming and outgoing legal mail log, of which he obtained a copy. (Mot. to Dismiss at 2, n.2; Lodged Doc. #13). However, in his argument that Petitioner should not receive the benefit of the prison mailbox rule for his California Supreme Court petition because Petitioner did not actually place the petition in the mail until more than a week after he signed it, Respondent offers no proof as to the actual date on which the petition was placed in the mail. Whereas Respondent diligently

1  requested Petitioner's legal mail log from the prison and use those dates to support his argument
2  with regard to the superior court petition, Respondent merely makes generalizations like, "[l]egal
3  mail should typically not take longer than three days to be processed by the institutional mail system
4  and received at its destination," to prove that Petitioner's supreme court filing was untimely. (Mot.
5  to Dismiss at 4, n.3). Since Respondent has already obtained a copy of Petitioner's incoming and
6  outgoing legal mail log for March and April 2007, it should not be difficult for Respondent to obtain
7  Petitioner's mail log for February 2008; which he can then use to support his argument that
8  Petitioner did not mail his petition to the California Supreme Court until after the statute of
9  limitations had run.
10        Accordingly, pursuant to Rule 5(c) of the Rules Governing § 2254 Cases, Respondent is
11 hereby ORDERED to file an amended motion to dismiss containing the actual date on which all
12 petitions were mailed according to the legal mail log. Furthermore, Respondent is ORDERED to
13 include a copy of the legal mail log with the amended motion.

15        IT IS SO ORDERED.
16        Dated:   **September 4, 2009**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE