UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO, ) | 1:08-cv-01509 AWI YNP (DLB) (HC) |
| Petitioner, ) | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| WARDEN AT HIGH DESERT SATE PRISON, ) | [Doc. #28] |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was sentenced in the Mariposa County Superior Court to fifteen years to life after pleading no contest to possession of more than ounce of marijuana and six counts of lewd and lascivious conduct with a child under the age of fourteen years of age. (Pet. at 1; Mot. to Dismiss at 2).

Petitioner appealed to the California Court of Appeal, Fifth Appellate District, which struck two restitution fines but otherwise affirmed the conviction. (Mot. to Dismiss at 2; Lodged Doc. 2).

Petitioner appealed to the California Supreme Court but was denied review on October 11, 2006. (Mot. to Dismiss at 2; Lodged Docs. 3-4).

On April 6, 2007,[1] Petitioner filed a petition for writ of habeas corpus in the Mariposa County Superior Court. (Mot. to Dismiss at 2, 4 n.3; Lodged Docs. 5, 13). On May 1, 2007, the petition was denied. (Mot. to Dismiss at 2; Lodged Doc. 6).

On May 11, 2007,[2] Petitioner filed a petition for writ of habeas corpus in the California Court of appeal that was immediately denied on May 17, 2007. (Mot. to Dismiss at 2; Lodged Docs. 7-8).

On February 22, 2008,[3] Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Mot. to Dismiss at 2, 5 n.3; Lodged Docs. 9, 14). The Court denied the petition on July 30, 2008. (Mot. to Dismiss at 3; Lodged Doc. 10).

The instant petition was filed in the United States District Court on September 21, 2008. (Doc. #1). On January 8, 2009, Respondent filed a motion to dismiss the petition, claiming the Petitioner did not filed in federal court within the statute of limitations. (Doc. #10). Petitioner filed an opposition to the motion on February 26, 2009, and Respondent filed a reply to the opposition on April 13, 2009. (Docs. #16, 18). On September 4, 2009, this Court ordered Respondent to file an amended motion to dismiss; which Respondent filed on September 29, 2009. (Docs. #26, 28). It is Respondent's amended motion to dismiss that will be considered herein.

---

[1] Unless otherwise specified, all petitions are deemed filed on the date on which they are signed pursuant to the prison mailbox rule. See Rule 3(d) for the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988). However, the prison mail box rule operates under the assumption that the prisoner placed the document in the mail on the say that he signed it. In this case, Petitioner signed the petition on March 5, 2007, but, according to the prison mail log, did not mail the petition until April 6, 2007. The petition was then filed with the court on April 9, 2007. Pursuant to the reasoning behind the prison mailbox rule, the superior court petition is deemed filed on April 6, 2007, the day on which Petitioner placed it in the mail. (See Lodged Doc. 13 (institutional legal mail log for March 19, 2007 through April 20, 2007)).

[2] The signature page of this petition appears to be a direct copy of the signature page from the superior court petition and bears the same date, March 5, 2007. There is no other indication as to when Petitioner placed this petition in the legal mail so the only date on which the Court can rely is the date on which the petition was actually filed by the appellate court, May 11, 2007.

[3] Petitioner signed the petition on February 12, 2008; however, the prison mail log does not show that any legal mail was sent until February 22, 2008. (See Lodged Doc. 14). The actual filing date in the court was February 25, 2008. This petition is deemed filed on the date it was placed in the mail, February 22, 2008.

**DISCUSSION**

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Mariposa County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.

12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. When a petitioner has sought all levels of direct review, a judgement becomes final after completion of certiorari proceedings in the United States Supreme Court or after the expiration of the time for filing a writ of certiorari. Clay v. United States, 537 U.S. 522, 524-25, 527

(2003). After the California Supreme Court denied review, Petitioner had 90 days in which to file a writ of certiorari. The state supreme court denied Petitioner on October 11, 2006, giving him until January 9, 2007, to file for a writ of certiorari with the United States Supreme Court. When Petitioner failed to do so, the state court's decision became final and the one year limitation period began to run on January 10, 2007. Absent any applicable tolling, Petitioner had until January 9, 2008, by which to file a petition for writ of habeas corpus in the federal district court.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S. 214, 217, 219-21 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

Mariposa Superior Court

Petitioner filed his petition for habeas corpus with the Superior Court on April 6, 2007–86 days after the limitation period began to run. Respondent does not contend that Petitioner's application was improperly filed; therefore, the limitation period was tolled while the petition was pending in the superior court.

California Court of Appeal

In California, the question of how long a petitioner has to file his petition in the court of the next level is not one of timeliness, but rather, whether the petitioner exercised due diligence. Thus the petitioner is not given an actual deadline by which to file his petition; he is merely required to file within a "reasonable time." Saffold, 536 U.S. at 235. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006). In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "[s]ix months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

In this case, Petitioner filed his petition with the state appellate court only ten days after the superior court denied his petition. Ten days is clearly reasonable; therefore, the time between the superior court's denial and Petitioner's filing with the appellate court is tolled.

California Supreme Court

Petitioner's petition was denied by the appellate court on May 17, 2007, but he did not file with the state supreme court until February 22, 2008. Petitioner's delay of 281 days is far greater than the short period of time, 30 to 60 days, provided by most states for filing an appeal. A delay of nine months, when only one or two months is normally allotted, is excessive. Because petitioner waited an unreasonable time before filing in the California Supreme Court, he is not entitled to tolling for the time between the appellate court denial and the date his petition was filed with the State Supreme Court.

//

<u>The tolling period ends</u>

The limitation period had already run 86 days when Petitioner filed his petition in the superior court, giving him 278 days left in the limitation period. Petitioner's tolling ended when the appellate court denied his petition on May 17, 2007. 278 days later, on February 19, 2008, Petitioner's limitation period ended. Petitioner did not file his petition in the United States District Court until September 21, 2008, long after the limitation period had ended, making the petition untimely.

**CONCLUSION**

Petitioner filed his petition for writ of habeas corpus with the United States District Court after the AEDPA one-year limitation period had ended. Petitioner's petition was untimely and should be dismissed with prejudice.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Finding and

1  Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
2  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
3  within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
4  Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     **Dated:   October 7, 2009**                              **/s/ Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE